IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAWN WILSON

        Plaintiff,

                3:11-cv-01061-PK

                OPINION AND ORDER

COUNTY OF UMATILLA, DEAN
GUSHWA (Individually and Official
Capacity), STATE OF OREGON, and
GOVERNOR THEODORE KULONGOSKI
(Individual and Official Capacity),

        Defendants.

PAPAK, Magistrate Judge:

Plaintiff Dawn Wilson brings this action against defendants Umatilla County, Dean Gushwa, the State of Oregon and former Governor Theodore Kulongoski, arising out of Wilson's alleged sexual harassment by Dean Gushwa while he was the Umatilla County District Attorney. Wilson alleges claims for violations of her civil rights under 42 U.S.C. § 1983, violations of federal and state sex discrimination and retaliation statutes, negligent retention, assault and

Page 1 - FINDINGS AND RECOMMENDATION

battery, and intentional infliction of emotion distress. Now before the court is defendant Umatilla County's motion to strike changes to plaintiff's deposition testimony pursuant to Fed. R. Civ. P. 30(e). (#39.) For the reasons described below, the motion is denied.

## BACKGROUND

Plaintiff Dawn Wilson's deposition was taken on July 11, 2012. The transcript of the deposition was prepared on August 2, 2012 and on September 10, 2012 plaintiff served an errata sheet on counsel for Umatilla County making 30 changes to her deposition testimony. (Morrow Decl., #40, ¶5, Ex. 2.) In this motion, Umatilla County challenges 25 of those 30 changes as improper.

## LEGAL STANDARD

A district court may properly strike a deposition errata for failure to comply with the procedural and substantive requirements of Fed. R. Civ. P. 30(e). *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005).

## DISCUSSION

Umatilla County moves to strike 25 of the 30 changes plaintiff made to her deposition transcript, arguing that the changes violate Rule 30(e) because they are "substantive," "contradictory," and intended to manufacture a factual dispute. By contrast, plaintiff insists that Rule 30(e) permits substantive corrections and argues that her deposition errata are appropriate under the Ninth Circuit's interpretation of Rule 30(e) because the changes were not "sham" corrections offered solely to create a question of fact on a pending motion.

Rule 30(e) describes the procedure for making changes to a deposition transcript:

(1) *Review; Statement of Changes.* On request by the deponent or a party before the

Page 2 - FINDINGS AND RECOMMENDATION

deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e) (emphasis in original). In *Hambleton*, the Ninth Circuit addressed the extent to which Rule 30(e) permits corrections to deposition transcripts. 397 F.3d at 1224-1226. In that case, the deponent made extensive changes to his deposition testimony after a motion for summary judgment was filed against his company, and provided no reasons for those changes.[1] *Id.* at 1224-1225. The district court granted a motion to strike the changes, noting that the timing

---

[1] Several of those changes "clearly altered" key facts, for example:

> Q: What term of the Timber Sales Agreement did Mr. Ballinger breach?
> A: Personally, I guess he, he didn't breach it.
> Submitted corrected A: I don't know the law but if Mr. Ballinger is responsible for Balkin's actions, then if Balkin breached the agreement, Mr. Ballinger breached the agreement.
>
> Q: What utterances did Mr. Ballinger provide to you that you allege deceived you? ...
> A: I don't know.
> Submitted corrected A: Mr. Ballinger represented to me in 1996 or 1997 that Balkin still owned the Fruitland property. He acted as if he was still involved with Balkin.
>
> Q: Specifically what conduct did Mr. Ballinger take that improperly dissolved Balkin Enterprises?
> A: I don't know.
> Submitted corrected A: Ballinger in the dissolution of Balkin distributed assets of Balkin, the Fruitland property, that should not have been distributed, and he made me believe, in the 1996/1997 telephone conversation, that Balkin was still in existence and still owned the Fruitland property, which was untrue.

*Id.* at 1225 n. 6.

Page 3 - FINDINGS AND RECOMMENDATION

of the corrections and the absence of any stated reasons for the changes suggested the corrections were "purposeful rewrites tailored to manufacture an issue of material fact . . . to avoid a[n adverse] summary judgment ruling . . . ." *Id.* at 1225. The Ninth Circuit affirmed, applying the long-established "sham" affidavit rule to the new context of deposition changes. *Id.* The Court acknowledged that while Rule 30(e) explicitly permits corrections in "form or substance," the rule "does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* (citing *Burns v. Bd. of County Comm'rs*, 330 F.3d 1275, 1281-82 (10th Cir. 2003); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) ). Consequently, the Court held that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1226.

It is helpful to view *Hambleton* in the context of the various approaches federal courts take to construing Rule 30(e). The traditional and majority interpretation, articulated by the Second Circuit, many district courts, and respected commentators, is that Rule 30(e) permits any changes to deposition testimony whatsoever, regardless of whether they contradict the original testimony. *See Summerhouse v. HCA Health Servs. of Kan.*, 216 F.R.D. 502, 504-505 (D. Kan. 2003); *see generally* Christopher Macchiaroli & Danielle Tarin, *Rewriting the Record: A Federal Court Split on the Scope of Permissible Changes to a Deposition Transcript*, 3 Fed. Cts. L. Rev. 1, 4-11 (2009). At the opposite end of the spectrum are courts that permit deponents to correct only transcription errors, the most frequently cited of which is *Greenway v. International Paper Co.*, 144 F.R.D. 322 (W.D.La. 1992). Last, a growing minority of courts take a middle-of-the-road approach, often citing *Greenway* for the proposition that there must be some limits to

Page 4 - FINDINGS AND RECOMMENDATION

testimony changes under Rule 30(e), but still allowing substantive changes so long as they clarify and explain a deponent's answers. *See* 3 Fed. Cts. L.Rev. 1,5-7. Such courts include the Ninth Circuit in *Hambleton*, as well as the Seventh and Tenth circuits. *See Hambleton*, 397 F.3d at 1225; *Burns v. Bd. of County Comm'rs*, 330 F.3d 1275, 1281-82 (10th Cir. 2003); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000).

Umatilla County interprets the Ninth Circuit's reliance on the Seventh and Tenth circuit cases, which cite *Greenway,* as a signal that the Ninth Circuit adopted *Greenway*'s extremely narrow construction of Rule 30(e). The County also argues that this interpretation of Rule 30(e) discourages parties from enhancing their deposition testimony after the fact, thereby preserving witness' more accurate contemporaneous recollections. I see some merit in the County's policy argument concerning Rule 30(e). But the County's position conflicts with the unambiguous language and holding of *Hambleton* – that Rule 30(e) permits substantive corrections as long as they do not *contradict* the original deposition testimony. 397 F.3d at 1226. The fact that other district courts in the Ninth Circuit uniformly recognize this as the core teaching of *Hambleton* provides further confirmation that Umatilla County's position is incorrect. *See Johnson v. CVS Pharmacy, Inc.*, No. C 10–03232 WHA, 2011 WL 4802952, at *4 (N.D. Cal. Oct. 11, 2011) (declining to strike errata sheet because the changes made were not "contradictory"); *Weekes*, 2011 WL 6140967; *Tourgeman*, 2010 WL 4817990.

To determine whether a deposition errata sheet must be stricken under *Hambleton*, district courts may consider circumstances such as "the number of corrections, whether the corrections fundamentally change the prior testimony, the impact of the corrections on the case

(including the extent to which they pertain to dispositive issues), the timing of the submission of corrections, and the witness's qualifications to testify." *Lewis v. CCPOA Benefit Trust Fund*, No. 120, 2010 WL 3398521, at *2 (N.D. Cal. Aug. 27, 2010). Here, the number, nature, and timing of plaintiff's corrections suggest that they are permissible under Rule 30(e).

First, although plaintiff made 25 disputed corrections, they relate to a relatively small number of factual issues. *See Johnson*, 2011 WL 4802952, at *3 ("Although ten [deposition testimony] changes seem to be a significant number of changes, they all relate to this same basic topic"). Almost half of the 25 challenged corrections pertain to plaintiff's assertion that Gushwa forced her to have sex with him and hide it from others. (Morrow Decl., #40, Ex. 2) (corrections at pages 88, 157, 160, 178, 216, 287, 288, 321, 329, 342, 364). Many other corrections pertain to Umatilla County's involvement in the alleged harassment. *Id.* (corrections at pages 24, 274, 286, 319, 321, 356). The number of changes therefore does not weigh in favor of striking plaintiff's errata.

Further, in contrast to cases where courts strike errata sheets because changes directly contradicted earlier answers, plaintiff's changes do not fundamentally alter her preexisting testimony. *See, e.g, Weekes*, 2011 WL 6140967, at *4 (striking errata as "flat contradiction" after deponent originally testified that he did not recall two telephone conversations but later corrected the transcript to indicate that he did remember what was discussed). Instead, plaintiff's changes tend to expand upon and explain that testimony, at times adding new relevant information. *See BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08–cv–01086–AWI–SMS, 2009 WL 3872043, at *8 (E.D. Cal. Nov. 17, 2009) (refusing to strike errata where changes "expressly reflected that further review or contemplation had occurred after the deposition" but did not

Page 6 - FINDINGS AND RECOMMENDATION

constitute "clear or wholesale contradictions of factual assertions").

Moreover, plaintiff's changes are not an obvious attempt to defeat a motion already filed by defendant, as were the changes in *Hambleton*.[2] Plaintiff emailed her changes to defendants' counsel and the court reporter on August 31, 2012 and Umatilla County's counsel received them by mail about 11 days later. (Masih Decl., #46, ¶5, Ex. 3); (Morrow Decl., #40, ¶5.) No motions were pending at that time, and the first significant motions in this case were not filed until two weeks later, when the State of Oregon and Governor Kulongoski moved for summary judgment on September 25, 2012. (#31.) And even that summary judgment motion does not rely on the deposition testimony that plaintiff corrected. Nevertheless, Umatilla County urges the court not to allow plaintiff to improperly "enhance her case" through the post-deposition corrections. But *Hambleton* and other courts in this circuit do not deem errata changes to be a "sham" merely because those changes are generally helpful to the deponent's legal theory. Because plaintiff's corrections pertain to a few discrete topics, do not contradict her original testimony, and are not offered solely to create a factual dispute on a pending motion, they are the type of changes permitted under Rule 30(e).

Umatilla County also argues that plaintiff's changes violate Rule 30(e) because her one-word explanation for each change – "clarification" – is not a sufficient statement of her reasons for those corrections. Indeed, *Hambleton* emphasized that "[a] statement of reasons explaining

---

[2] District courts in the Ninth Circuit also apply the *Hambleton* standard to deposition changes made when non-dispositive motions are pending. *See, e.g., Weekes v. Ohio Nat'l Life Assur. Corp.*, No. 1:10–cv–566–BLW, 2011 WL 6140967, at *4 (D. Idaho Dec. 9, 2011) (disregarding contradictory corrections offered to avoid exclusion of deponent's testimony from trial); *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08–CV–1392 JLS (NLS), 2010 WL 4817990, at *3 (S.D. Cal. Nov. 22, 2010) (striking errata sheet that directly contradicted deposition testimony and was offered in opposition to a motion for leave to amend).

Page 7 - FINDINGS AND RECOMMENDATION

corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose." 397 F.3d at 1224–1225. However, district courts applying *Hambleton* have not strictly enforced Rule 30(e)'s requirement for a statement of reasons, where the court can clearly understand from the context of the questions and answers themselves that the changes are corrective, rather than contradictory. *BNSF*, 2009 WL 3872043, at *1; *Juell v. Forest Pharmaceuticals, Inc.*, 2006 WL 618396, *1–2 (E.D.Cal. March 9, 2006). In this case, the context of the corrected questions and answers indicate that the alterations explained the deponent's original responses. The context of the testimony, in addition to plaintiff's terse but accurate statement of reasons for each change, satisfy the procedural requirements of Rule 30(e).

Finally, I note that the County will not suffer any prejudice as a result of plaintiff's changes. At oral argument the parties indicated that a supplemental deposition of plaintiff had taken place, providing the County ample opportunity to explore the nature of and motivation for plaintiff's errata changes, well in advance of any dispositive motions being litigated. Also, nothing about this decision prevents Umatilla County from arguing about the impact of plaintiff's corrections on summary judgment or using them to impeach her at trial. Last, even if I prohibited plaintiff's deposition corrections, she could still achieve the same effect by providing a declaration at summary judgment clarifying her earlier deposition testimony.

//

//

//

//

## CONCLUSION

For the reasons described above, defendant Umatilla County's motion to strike (#39) is denied.

IT IS SO ORDERED.

Dated this 31st day of December, 2012.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION